FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION    03 JUN 26  PM 2: 22

UNITED STATES OF AMERICA,      )
                               )
        Plaintiff,             )
                               )
    v.                         )    Case No. 2:03-cv 322-FTM-29 DNF
                               )
DENNIS R. STREETER,            )
JACQUELYN STREETER,            )
LARRY M. NEW, CHERYL A. NEW,   )    JOHN E. STEELE
JOHN W. BARTLE,                )    UNITED STATES DISTRICT JUDGE
CHARLES E. GREER, as Receiver for )
Inverness Corporation,         )
and HSBC BANK,                 )    **DOUGLAS N. FRAZIER**
                               )    **U.S. MAGISTRATE JUDGE**
        Defendants.            )

## COMPLAINT

The United States of America, by its attorney, Paul Ignatius Perez, United States

Attorney for the Middle District of Florida, pursuant to the provisions of 26 U.S.C.

§ 7401(a), at the request of the Chief Counsel, Internal Revenue Service, a delegate of

the Secretary of the Treasury, and upon the direction of the Attorney General of the

United States of America, brings this action to foreclose its federal tax liens for the tax

liabilities of John W. Bartle, upon certain real property located at 1658 Sabal Palm

Drive, Sanibel, Florida, and in support thereof, the United States complains and alleges

as follows:

    1.  Jurisdiction over this action is conferred upon the district court by 28 U.S.C.

§§ 1340 and 1345, and 26 U.S.C. § 7402(a).

    2.  Dennis R. Streeter and Jacquelyn Streeter are husband and wife and reside

at 2540 West Timber Lane, Winchester, Indiana, 47394.  They are named as

Bartle-Fla\Complaint

defendants pursuant to 26 U.S.C. § 7403(b) because they may claim an interest in the real property that is the subject of in this action.

3.  Larry M. New and Cheryl A. New are husband and wife and reside at 609 Inverness Lane, Yorktown, Indiana 47396.  They are named as defendants pursuant to 26 U.S.C. § 7403(b) because they may claim an interest in the real property that is the subject of this action.

4.  John W. Bartle resides at 13635 East 114th Street, Fishers, Indiana, 46038. He is named as a defendant pursuant to 26 U.S.C. § 7403(b) because he may claim an interest in the real property that is the subject of this action.

5.  Charles E. Greer, who receives mail at P.O. Box 3061, Indianapolis, Indiana 46230-0615, has been appointed as Receiver for Inverness Corporation, an Indiana corporation, pursuant to a court order in No. 01-0768 (USDC S.D. Indiana).  Charles E. Greer, in his capacity as Receiver for Inverness Corporation, is named as a defendant pursuant to 26 U.S.C. § 7403(b) because he may claim an interest in the real property that is the subject of this action.

6.  HSBC Bank, successor in interest to Society First Federal Savings Bank, is a corporation with its headquarters at One HSBC Center, Buffalo, New York 14203.  It is named as a defendant pursuant  to 26 U.S.C. § 7403(b) because it may claim an interest in the real property that is the subject of this action.

7. On February 2, 1994, a delegate of the Secretary of the Treasury made an assessment in the amount of $489,154.71 against John W. Bartle pursuant to 26 U.S.C. §  6672 as a responsible person who willfully failed to collect, truthfully account for, or pay over income and Federal Insurance Contribution Act (FICA) taxes due and

owing from the wages of the employees of Elkhart Investors, Ltd. for all four quarters of 1991.

8.  On February 2, 1994, a delegate of the Secretary of the Treasury made an assessment in the amount of $25,785.11 against John W. Bartle pursuant to 26 U.S.C. § 6672 as a responsible person who willfully failed to collect, truthfully account for, or pay over income and FICA taxes due and owing from the wages of the employees of Delmar Ltd. for the fourth quarter of 1991.

9.  On February 2, 1994, a delegate of the Secretary of the Treasury made an assessment in the amount of $417,683.75 against John W. Bartle pursuant to 26 U.S.C. § 6672 as a responsible person who willfully failed to collect, truthfully account for, or pay over income and FICA taxes due and owing from the wages of the employees of Healthcare Affiliates for the fourth quarter of 1990, the second and third quarter of 1991, and the first two quarters of 1992.

10.  On November 27, 1995, a delegate of the Secretary of the Treasury made an assessment against John W. Bartle for income tax, penalties, and interest for the year 1994 in the total amount of $294,261.77.  On October 13, 1997, a delegate of the Secretary of the Treasury made an additional assessment against John W. Bartle for income tax for the year 1994 in the amount of $228,730.00.  On October 27, 1997, a delegate of the Secretary of the Treasury made an additional assessment against John W. Bartle for income tax for the year 1994 in the amount of $2,289.00.

11.  On November 17, 1997, a delegate of the Secretary of the Treasury made an assessment against John W. Bartle for income taxes, penalties, and interest for the year 1996 in the total amount of $1,437,843.34.

Bartle-Fla\Complaint

12. On February 8, 1999, a delegate of the Secretary of the Treasury made an assessment against John W. Bartle for income taxes, penalties, and interest for the year 1997 in the total amount of $64,866.48.

13. On November 27, 2000, a delegate of the Secretary of the Treasury made an assessment against John W. Bartle for income taxes, penalties, and interest for the year 1999, in the total amount of $88,604.04.

14. On February 4, 2002, a delegate of the Secretary of the Treasury made an assessment against John W. Bartle for income taxes, penalties, and interest for the year 2000 in the total amount of $31,858.88.

15. On September 10, 2001, a delegate of the Secretary of the Treasury made an assessment according to law in the amount of $81,969.51 against John W. Bartle pursuant to 26 U.S.C. § 6672 as a responsible person who willfully failed to collect, truthfully account for, or pay over income and FICA taxes due and owing from the wages of the employees of Rehab Associates, LLC, for periods ending with the second quarter of 1998.

16. Notice of the foregoing assessments and demands for their payment were sent to John W. Bartle on or within five days of the assessments. Despite notice and demand, John W. Bartle has refused or neglected to fully pay the assessed liabilities described in paragraphs 7 through 15 above, and there remains due and owing to the United States with respect thereto, the sum of $1,981,684.11, plus interest and other statutory additions pursuant to law accruing from and after December 1, 2002.

17. On November 2, 1999, in No. IP99-0347-C (B/S), the U.S. District Court for the Southern District of Indiana entered a money judgment in favor of the United States

and against John W. Bartle for the full amount of the unpaid assessed liabilities

described in paragraphs 7, 8, and 9.

18.  Pursuant to 26 U.S.C. §§ 6321, 6322, as a result of John W. Bartle's

neglect, refusal, or failure to pay the assessments described in paragraphs 7 through

15 above, after notice and demand, federal tax liens in the amount of the assessments,

plus interest and other statutory additions, arose on the dates of the assessments, and

attached to all property and rights to property of John W. Bartle, including after-acquired

property.

19. By instrument dated March 28, 1994, and recorded April 14, 1994, a copy of

which is attached as Exhibit 1, ownership of the real property commonly known as 1658

Sabal Palm Drive, Sanibel, Florida (the "Sabal Palm property"), whose legal description

is:

> Lot 12, Watershadows, in Government Lot 4, Section 18, Township 46
> South, Range 23 East, as more particularly described as follows:
>
> A Lot or Parcel of Land lying in Government Lot 4, Section 18,
> Township 46 South, Range 23 East, describes as follows:
> From the Southwest corner of Section 18, Township 46 South,
> Range 23 East, Run North 1 degree 01" West a distance of
> 1390.13 Feet along the Westerly Line of said Section 18, Thence
> Run South 81 degrees 23' East a distance of 495.74 Feet; Thence
> Run North 2 degrees 45'15" West a distance of 71.99 Feet to the
> Point of Beginning; Thence continue North 2 degrees 42'15" West
> a distance 100.00 Feet; Thence run North 87 degrees 17'45" East a
> distance of 117 Feet, more or less, to an Existing Waterway; Thence
> South 3 degrees 01' East along said Waterway a distance of 89.25
> Feet; Thence Run South 82 degrees 08'02" West a distance of
> 119.09 Feet to the Point of Beginning

was transferred to "Dennis Streeter & Jacquelyn Streeter, husband & wife, & John W.

Bartle, a single man, & Larry M. New & Cheryl A. New, husband & wife."

20. A document titled "Purchase Agreement" dated May 18, 1998, a copy of which is attached as Exhibit 2, recites that Inverness Corporation agreed to purchase an undivided one-third interest in the Sabal Palm property from Dennis R. Streeter, in exchange for three payments totaling $68,670 and an assignment and release of a mortgage. Based on information and belief, Dennis R. Streeter has received payments of $68,670 referred to in Exhibit 2 from either Inverness Corporation or John W. Bartle.

21. A document titled "Agreement for Exchange of Real Estate" dated May 19, 1998, a copy of which is attached as Exhibit 3, recites that Larry M. New would transfer to Inverness Corporation an undivided one-third interest in the Sabal Palm property, and the sum of $18,268.11, and that in exchange Inverness Corporation would transfer to Larry M. New its undivided one-half interest in a specified residential duplex located in Muncie, Indiana, and its undivided one-half interest in a specified condominium located in Anderson, Indiana.

22. By Corporate Warranty Deed dated and recorded May 19, 1998, a copy of which is attached as Exhibit 4, Inverness Corporation conveyed its one-half interest in the residential duplex in Muncie, Indiana, referred to in Exhibit 3, to Larry M. New.

23. By Corporate Warranty Deed dated May 19, 1998, and recorded June 1, 1998, a copy of which is attached as Exhibit 5, Inverness Corporation conveyed its one-half interest in the residential condominium in Anderson, Indiana, referred to in Exhibit 3, to Larry M. New.

24. During the period 1996 through February 7, 2002, John W. Bartle was the President of, and controlled, Inverness Corporation.

25. Since May 19, 1998, John W. Bartle, Larry and Cheryl New, and Dennis and

6                                     Bartle-Fla\Complaint

Jacquelyn Streeter have treated the Sabal Palm Drive property as being owned exclusively by John W. Bartle.

26.  From June, 2000, through September, 2001, the monthly mortgage payments for the Sabal Palm property were made from a bank account in the names of John W. Bartle and his wife Rebecca J. McCowan Bartle.  From September, 2001, through February, 2003, the monthly mortgage payments for the Sabal palm property were made from a bank account in the name of Rebecca J. McCowan Bartle.

27. Based on information and belief, since May 19, 1998, the insurance and real estate tax payments for the Sabal Palm property have been paid from funds of John W. Bartle and/or his wife, Rebecca J. McCowan Bartle, and not from the funds of Inverness Corporation.

28.  Since May 19, 1998, the proceeds of any rentals of the Sabal Palm property have been paid to John W. Bartle and/or his wife, Rebecca J. McCowan Bartle.

29.  Since May 19, 1998, John W. Bartle has held himself out to the management company for the Sabal Palm property as the owner of that property.

WHEREFORE, the United States requests that this Court:

(1) determine and adjudge that federal tax liens arose with the assessments against John W. Bartle referred to in paragraphs 7 through 15 above, and attached to the real property at 1658 Sabal Palm Drive, Sanibel, Florida, described at paragraph 19;

(2) determine and adjudge that the federal tax liens that have attached to the real property at 1658 Sabal Palm Drive, Sanibel, Florida, should be foreclosed, and that property should be sold by an officer of this Court according to law, free and clear of

any right, title, lien, claim or interest of any of the parties to this action;

(3) determine and adjudge that Dennis R. Streeter and Jacquelyn Streeter have no interest in the Sabal Palm property or in the proceeds of the sale thereof;

(4) determine and adjudge that Larry M. New and Cheryl A. New have no interest in the Sabal Palm property or in the proceeds of the sale thereof; and

(5) determine that the net proceeds of the sale of the Sabal Palm property should be distributed to the United States for application to the federal tax liabilities of John W. Bartle referred to in paragraphs 7 through 15 above; and

(6) grant the United States an award of its costs and such other and further relief as this Court deems appropriate.

PAUL IGNATIUS PEREZ
United States Attorney


DOUGLAS W. SNOEYENBOS
Trial Attorney, Tax Division
U. S. Department of Justice
Post Office  Box 55
Ben Franklin Station
Washington, D.C.  20044-0055
Telephone:  (202) 307-6558

Bartle-Fla\Complaint

THIS INSTRUMENT PREPARED BY:
DENNIS STREETER
RR #1 Box 134B
WINCHESTER, IN   47394

3573791

SPACE ABOVE THIS LINE FOR PROCESSING DATA          SPACE ABOVE THIS LINE FOR RECORDING DATA

**This Warranty Deed** Made the 28TH day of MARCH A.D. 19 94 by

DENNIS STREETER, A MARRIED MAN

hereinafter called the grantor, whose address is: RR #1 Box 134B WINCHESTER, IN 47394

to DENNIS STREETER & JACQUELYN STREETER HUSBAND & WIFE, & JOHN W. BARTLE, A SINGLE MAN, & LARRY M. NEW & CHERYL A. NEW HUSBAND & WIFE, hereinafter called the grantee: whose post office address is:
609 INVERNESS YORKTOWN, IN 47396

**Witnesseth:** That the grantor, for and in consideration of the sum of $ TEN & No/100 and other valuable considerations, receipt whereof is hereby acknowledged, hereby grants, bargains, sells, aliens, remises, releases, conveys and confirms unto the grantee, all that certain land situate in LEE County, Florida, viz:

SEE SCHEDULE "A" ATTACHED HERETO AND BY THIS REFERENCE MADE A PART HEREOF.

PARCEL IDENTIFICATION NUMBER: 18-46-23-T4-00001.0330.

**Together** with all the tenements, hereditaments and appurtenances thereto belonging or in anywise appertaining.

**To Have and to Hold,** the same in fee simple forever.

**And** the grantor hereby covenants with said grantee that the grantor is lawfully seized of said land in fee simple; that the grantor has good right and lawful authority to sell and convey said land; that the grantor hereby fully warrants the title to said land and will defend the same against the lawful claims of all persons whomsoever; and that said land is free of all encumbrances, except taxes accruing subsequent to December 31, 19 93.

**In Witness Whereof,** the said grantor has signed and sealed these presents the day and year first above written.

Signed, sealed and delivered in our presence:

Witness - Signature
TRACY TOWNSEND
Witness - Print Name

Witness - Signature   JOAN BOYER
Witness - Print Name

Witness - Signature

Witness - Print Name

Witness - Signature

Witness - Print Name

_____
DENNIS STREETER

STATE OF Florida
COUNTY OF Lee

I HEREBY CERTIFY that on this day, before me, an officer duly authorized in the State aforesaid and in the County aforesaid to take acknowledgments, personally appeared Dennis Streeter, a Married Man to me known to be the person(s) described in and who executed the foregoing instrument or who has produced Drivers License as identification and who did (did not) take an oath acknowledged before me that he executed the same.

WITNESS my hand and official seal in the County and State last aforesaid this 28th day of March , A.D. 19 94.

NOTARY PUBLIC (Signature)
TRACY TOWNSEND
NOTARY PUBLIC (Print Name)

GOVERNMENT'S EXHIBIT

## Schedule A

LOT 17, WATERSHADOWS, IN GOVERNMENT LOT 4, SECTION 18, TOWNSHIP
46 SOUTH, RANGE 23 EAST, AS MORE PARTICULARLY DESCRIBED AS
FOLLOWS:

A LOT OR PARCEL OF LAND LYING IN GOVERNMENT LOT 4, SECTION 18,
TOWNSHIP 46 SOUTH, RANGE 23 EAST, DESCRIBED AS FOLLOWS:

FROM THE SOUTHWEST CORNER OF SECTION 18, TOWNSHIP 46 SOUTH,
RANGE 23 EAST, RUN NORTH 1°01" WEST A DISTANCE OF 1390.13 FEET
ALONG THE WESTERLY LINE OF SAID SECTION 18; THENCE RUN SOUTH
81°23' EAST A DISTANCE OF 695.74 FEET; THENCE RUN NORTH 2°42'15"
WEST A DISTANCE OF 71.99 FEET TO THE POINT OF BEGINNING; THENCE
CONTINUE NORTH 2°42'15" WEST A DISTANCE OF 100.00 FEET; THENCE
RUN NORTH 87°17'45" EAST A DISTANCE OF 117 FEET, MORE OR LESS,
TO AN EXISTING WATERWAY; THENCE RUN SOUTH 3°01' EAST ALONG SAID
WATERWAY A DISTANCE OF 89.25 FEET; THENCE RUN SOUTH 82°08'02"
WEST A DISTANCE OF 119.09 FEET TO THE POINT OF BEGINNING.

OR2490 PG2550

CHARLIE GREEN LEE CTY. FL
94 APR 14 PM 4: 10

File No: 8-4352

## PURCHASE AGREEMENT

Date:  _May 18, 1998_

The undersigned, hereinafter called "Purchaser", hereby agrees to purchase from Dennis R. Streeter, hereinafter called "Seller", an undivided one-third (1/3) interest in a certain plot, piece, or parcel of real estate with a residential dwelling thereon located in Sanibel, Florida and more particularly described in Exhibit A attached hereto and made a part hereof.

Such real estate shall be sold and conveyed subject to the following conditions:

1. A first mortgage now a recorded lien on such premises upon which there is an unpaid principal balance in the approximate sum of One hundred ninety-four thousand dollars ($194,000) a copy of which Purchaser has examined and initialed.

2. Covenants and restrictions of record and all real estate taxes now a lien on said real estate are hereby acknowledged by Purchaser.

3. The purchase price for the Seller's interest shall be sixty-eight thousand six hundred seventy dollar ($68,670).

4. Purchaser shall obtain an assignment of the existing mortgage and furnish Seller a copy of a release from first mortgagee within forty-five (45) days of the execution of this agreement, and, Purchaser shall pay the entire purchase price in the following manner;

    a. Thirty one thousand five hundred five dollars ($31,505) upon execution of the agreement.

    b. Eighteen thousand five hundred eighty-two and 50/100 dollars ($18,582 50) on June 5, 1998, and,

    c. Eighteen thousand five hundred eighty-two and 50/100 dollars ($18,582 50) on July 5, 1998.

Should Purchaser default in any payment due and owing Seller, Purchaser agrees to pay additional consideration to Seller for any costs of collection including reasonable attorney's fees.

5. All fixtures and articles of persona property contained at the property location or appurtenant to or used in connection with such premises or represented to be owned by Seller and are free and clear from all liens and encumbrances except as herein stated, and are included in the purchase price.

Page 1 of 2

GOVERNMENT'S EXHIBIT 2b

6. Both parties agree that all inspections of subject property are hereby waived and purchaser is relying entirely upon its actual knowledge of the premises and hereby releases Seller from any liability relating to any defect or deficiency affecting said real estate, which releases shall survive the closing of this transaction.

7. Taxes shall be prorated between Purchaser and Seller and Purchaser shall assume and agree to pay all assessments for public and municipal improvements which are completed after the date of the acceptance of this agreement.

8. Real estate shall be conveyed to Purchaser by general warranty deed subject to all covenants, easements, restrictions, rights-of-way appearing of record and visible easements, and subject to the provisions of applicable zoning laws, and free and clear of all other liens and encumbrances of title except as herein contained.

9. Purchaser does not require a stake survey showing improvements of real estate as a condition of this transaction.

10. Seller may retain possession of the property up until midnight on June 15, 1998 and Seller's possessions shall be materially removed on or before said date.

11. All terms and conditions of this Purchase Agreement are included herein and there are no other verbal agreements between the parties.

12. This agreement shall be binding upon and inure the benefit of the parties hereto and the respective legal representatives, successors, and permitted assigns.

13. The construction and interpretation of this agreement shall be in accordance with the laws of the state of Indiana.

Purchaser:
INVERNESS CORPORATION

_____     _____     5-18-98
Signature                         Title                             Date

Seller:

_____                                       5-19-58
Dennis R. Streeter                                                  Date

Page 2 of 2

## AGREEMENT FOR EXCHANGE OF REAL ESTATE

**AGREEMENT** made May *19*, 1998, between *Larry M. New*, residing 609 Inverness Lane, Yorktown, Indiana ("New"), and *Inverness Corporation*, an Indiana corporation, with offices at 421 South Walnut Street, Muncie, Indiana ("Inverness").

1. *Transfer by New.* New agrees to sell and convey to Inverness, at a valuation, for the purpose of this contract, of $68,670:

His undivided one-third (⅓) interest in a certain plot, piece, or parcel of real estate, with a residential dwelling thereon, located in Sanibel, Florida and more particularly described in Exhibit A attached hereto and made a part hereof.

Such real estate shall be sold and conveyed subject to the following:

(a) A first mortgage now a recorded lien on such premises upon which there is unpaid principal balance in the approximate sum of $194,000 and interest, a copy of which Inverness has examined and initialed.

(b) Covenants and restrictions of record and all real estate taxes now a lien on said real estate.

2. *Transfer by Inverness.* Inverness agrees to sell and convey to New, at a valuation, for the purpose of this agreement, of $86,938 11:

Its undivided one-half (½) interest in a certain residential duplex, located in Muncie, Indiana and more particularly described as follows, to-wit:

Lot Number Twenty-five (25) in Riverbend Commons, a Subdivision of Real Estate in Mt. Pleasant Township, Delaware County, Indiana, a plat of which is recorded in Plat Book 15 page 64 of the records of plats of Delaware County, Indiana.

Also, its undivided one-half (½) interest in a certain residential condominium, located in Anderson, Indiana and more particularly described as follows, to-wit:

Condominium Unit Number 1002 in Building A in Heritage Commons of Anderson (A Horizontal Property Regime) as created by a Declaration recorded March 26, 1997 as Instrument No. 9705637 in the Office of the Recorder of Madison County, Indiana, together with an undivided interest appertaining to such condominium unit in the Common Areas and Limited Common Areas of said horizontal property regime.

All such premises are to be sold and conveyed subject to the following:



GOVERNMENT'S EXHIBIT

3

(a) A first mortgage on the Riverbend real estate now a recorded lien on such premises upon which there is unpaid principal balance in the sum of $96,430.31 and interest, a copy of which New has examined and initialed.

(b) Covenants and restrictions of record and all real estate taxes now a lien on said real estate.

3. *Payment of difference in net values*. The difference between the values of the real estate and condominium, over and above encumbrances, for the purpose of this agreement, shall be deemed to be $18,268.11, which shall be due and payable by New to Inverness upon the exchange of dully executed deeds for the respective interests of the parties.

4 *Additional encumbrances*. The premises of each party shall be sold and conveyed subject to:

(a) Zoning regulations and ordinances of the city, town, or village in which the premises lie which are not violated by existing structures.

(b) Existing encroachments, if any, upon street, public way or easement.

(c) Any state of facts an accurate survey may show which does not render the title unmarketable.

5. *Evidence of mortgage debt*. If there is a mortgage on the premises and such mortgage has been reduced by payments on account of the principal, the seller agrees to deliver to the purchaser upon delivery of the deed a proper certificate executed and acknowledged by the holder of such mortgage and in form for recording, certifying as to the amount of the unpaid principal and interest, date of maturity, and rate of interest, and the seller shall pay the fees for recording such certificate

6. *Departmental violations*. The respective sellers shall comply with all notes or notices of violations of applicable municipal or other laws, including zoning ordinances, health codes, multiple dwelling laws, building codes, fire ordinances, and the like, against or affecting the premises at the date hereof, and the premises shall be conveyed free of such violations. This provision shall survive delivery of the deeds  Each party shall furnish the other with an authorization to make the necessary searches for such violations

7 *Apportionments*. The following items shall be apportioned: (a) rents as and when collected; (b) interest on mortgages; (c) premiums on existing transferable insurance policies or renewals of those expiring before the closing; (d) taxes on the basis of the year for which assessed; (e) charges for utility services

If the closing of the title occurs before the tax rate is fixed, the apportionment of taxes shall be upon the basis of the tax rate for the next preceding year applied to the latest assessed valuation. .

8. *Deeds*. Each deed shall be the usual bargain and sale deed with covenants against grantor's acts in proper statutory short form for recording and shall be duly executed and acknowledged, so as to

2

convey to the grantee the fee simple of the premises conveyed, free of all encumbrances, except those specifically assumed herein. Each party shall provide the other party with acceptable evidence of marketable title.

9. *Fixtures and personal property*. All fixtures and articles of personal property attached or appurtenant to or used in connection with such premises are represented to be owned by the respective sellers of such premises, free from all liens and encumbrances except as herein stated, and are included in this exchange. Such fixtures and articles of personal property include plumbing, heating, lighting, and cooking fixtures, air conditioning fixtures and units, ranges, refrigerators, television aerials, bathroom and kitchen cabinets, mantels, door mirrors, blinds, shades, screens, awnings, storm windows, window boxes, storm doors, mail boxes, pumps, and shrubbery.

10. *Judgments against others*. If a search of the title discloses judgments, bankruptcies, or other returns against other persons having names the same as or similar to those of the respective parties, such party will on request deliver to the other party an affidavit showing that such judgments, bankruptcies, or other returns are not against the affiant.

11. *Default*. If either party is unable to convey title in accordance with the terms of this agreement, his sole liability shall be to refund to the other party any amount paid on account of the difference between the agreed values of the respective premises and to pay the net cost of surveying and examining such title. As soon as the refund and payment are made this contract shall be considered cancelled.

12. *Fire loss*. The respective sellers assume the risk of loss or damage to the premises by fire until delivery of the deeds.

13. *Closing*. The closing shall occur as soon as both parties have received satisfactory evidence of marketable title..

14. *Broker*. The parties represent and warrant that no broker or agent has performed any services which would entitle them to any compensation and each party agrees to hold the other harmless from any such claims..

15. *Binding effect*. This agreement shall be binding upon and inure to the benefit of the parties hereto and their respective legal representatives, successors, and permitted assigns.

16. *Entire agreement; modification*. This instrument constitutes the entire agreement between the parties. It is entered into after full investigation, neither party relying upon any statement or representation made by the other not embodied herein. The parties have inspected the buildings standing on the respective premises to be purchased by them and are thoroughly acquainted with their condition This instrument may not be changed or terminated orally, but only by an agreement duly executed and signed by the parties

3

17. *Notices*. All notices hereunder shall be in writing and delivered personally or mailed by certified or registered mail, postage prepaid, return receipt requested, addressed to the parties at their above addresses.

18. *Non-waiver*. No delay or failure by either party to exercise any right hereunder, and no partial or single exercise of such right, shall constitute a waiver of that or any other right, unless otherwise expressly provided herein.

19. *Headings*. Headings in this agreement are for convenience and reference only and shall not be used to interpret or construe its provisions.

20. *Governing law*. This agreement shall be construed in accordance with and governed by the laws of the State of Indiana.

21. *Time of essence*. Time is of the essence of this agreement.

Agreed to the day and year first above written.

*Larry M. New*


INVERNESS CORPORATION

BY:

*John W. Bartle, President*


f:\real\exchange\new-inver.exc


4

K + Deed 1998 3480

FILED FOR RECORD
_at_ _10_ o'clock _P_ M.
Record _1998_ Page _5470-81_

MAY 1 9 1998

Recorder, Delaware County

10894

## CORPORATE
## WARRANTY DEED

**THIS INDENTURE WITNESSETH, That INVERNESS CORPORATION,** a corporation organized and existing under the laws of the State of Indiana ("Grantor"), **CONVEYS AND WARRANTS** to Larry M. New ("Grantee"), of Delaware, in the State of Indiana, for the sum of One Dollar ($1.00) and other valuable consideration, the receipt of which is hereby acknowledged, **an undivided one-half (1/2) interest** in the following described real estate in Delaware County, Indiana:

> Lot Number Twenty-five (25) in Riverbend Commons, a Subdivision of Real Estate in Mt. Pleasant Township, Delaware County, Indiana, a plat of which is recorded in Plat Book 15 page 64 of the records of plats of Delaware County, Indiana.

**Subject to:** all covenants and restrictions of record.

Unit Tax Number:_11 - 1214_      Unit Tax Number:_____

_11 - 1048_

**Mail Tax Statements to:**      609 Inverness Lane
                                 Yorktown, Indiana 47396

Grantee assumes and agrees to pay all taxes and assessments now or hereafter a lien on the above-described real estate.

The undersigned certify under oath that no Indiana Gross Income Tax is due or payable by reason of the within conveyance

The undersigned further certify that the conveyance of the above-described real estate does not represent substantially all of the corporate assets.

The undersigned persons executing this Deed on behalf of Grantor represent and certify that they are duly elected officers of Grantor and have been fully empowered, by proper resolution of the directors of Grantor, to execute and deliver this Deed; that Grantor has full corporate capacity to convey the real estate described herein; and that all necessary corporate action for the making of such conveyance has been taken and done.

Duly Entered for Taxation
Transfer Fees $_____

MAY 1 9 1998

Delaware County



GOVERNMENT'S
EXHIBIT
4

IN WITNESS WHEREOF, the Grantor has executed this Deed this _19th_ day of May, 1998.

                              INVERNESS CORPORATION,
                              an Indiana Corporation

                        By: _____
                              John W. Bartle, President

**[Seal] ATTEST:**

_____
Kimberly R. Wilhoit, Secretary


STATE OF INDIANA    )
                    ) SS:
COUNTY OF DELAWARE  )

    Before me, a Notary Public in and for said County and State, personally appeared the above-named **INVERNESS CORPORATION**, by John W. Bartle, its President, and **Kimberly R. Wilhoit**, its Secretary, who acknowledged the execution of the foregoing Corporate Warranty Deed for and on behalf of Grantor, and who, having been duly sworn, stated that any representations therein contained are true.

    WITNESS my hand and Notarial Seal this _19th_ day of May, 1998.

                        _____ Signature
                        DIXIE R. BYRD                      Printed Name
                        Notary Public, Resident of Delaware County, Indiana

My Commission Expires:
_MARCH 3 2001._

    This instrument prepared by Fredrick W. Wenger, Attorney at Law.

(2)



11-MAR-2003 15:20

## CORPORATE
## WARRANTY DEED

THIS INDENTURE WITNESSETH, That INVERNESS CORPORATION, a corporation organized and existing under the laws of the State of Indiana ("Grantor"), CONVEYS AND WARRANTS to Larry M. New ("Grantee"), of Delaware, in the State of Indiana, for the sum of One Dollar ($1.00) and other valuable consideration, the receipt of which is hereby acknowledged, an undivided one-half (1/2) interest in the following described real estate in Madison County, Indiana:

Condominium Unit Number 1002 in Building A in Heritage Commons of Anderson (A Horizontal Property Regime) as created by a Declaration recorded March 26, 1997 as Instrument No. 9705637 in the Office of the Recorder of Madison County, Indiana, together with an undivided interest appertaining to such condominium unit in the Common Areas and Limited Common Areas of said horizontal property regime.

Subject to:  all covenants and restrictions of record.

Unit Tax Number:_____

Mail Tax Statements to:        689 Inverness Lane
                               Yorktown, Indiana 47396

Grantee assumes and agrees to pay all taxes and assessments now or hereafter a lien on the above-described real estate.

Duly Entered for Taxation
Subject to Final Acceptance for Transfer

JUN 01 1998

Auditor Madison County, IN



GOVERNMENT'S
EXHIBIT
5

#9R14068

11-MAR-2003 15:21

The undersigned certify under oath that no Indiana Gross Income Tax is due or payable by reason of the within conveyance

The undersigned further certify that the conveyance of the above-described real estate does not represent substantially all of the corporate assets.

The undersigned persons executing this Deed on behalf of Grantor represent and certify that they are duly elected officers of Grantor and have been fully empowered, by proper resolution of the directors of Grantor, to execute and deliver this Deed; that Grantor has full corporate capacity to convey the real estate described herein; and that all necessary corporate action for the making of such conveyance has been taken and done.

IN WITNESS WHEREOF, the Grantor has executed this Deed this _19th_ day of May, 1998.

INVERNESS CORPORATION,
an Indiana Corporation

By: _____
John W. Bartle, President

[Seal] ATTEST:

Kimberly R. Wilhoit, Secretary

(2)

11-MAR-2003 15:21

STATE OF INDIANA    )
                    ) SS:
COUNTY OF DELAWARE  )

Before me, a Notary Public in and for said County and State, personally appeared the above-named INVERNESS CORPORATION, by John W. Bardis, its President, and Kimberly R. Wilhoit, its Secretary, who acknowledged the execution of the foregoing Corporate Warranty Deed for and on behalf of Grantor, and who, having been duly sworn, stated that any representations therein contained are true.

WITNESS my hand and Notarial Seal this _19th_ day of May, 1998

_____ Signature

_Dixie L. Byrd_____ Printed Name
Notary Public, Resident of Delaware County, Indiana

My Commission Expires:

_March 3, 2001_

This instrument prepared by Fredrick W. Wenaer, Attorney at Law.

(3)

RECEIVED FOR RECORD

98 JUN -1  PM 2: 04

69914060